UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHANIE A.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C23-5185 RSM

**ORDER AFFIRMING AND DISMISSING THE CASE**

Plaintiff seeks review of the denial of her applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). Plaintiff contends the ALJ committed multiple errors, including rejecting medical opinion evidence and her symptom testimony. Dkt. 17. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

**BACKGROUND**

Plaintiff is 43 years old, has a limited education, and has worked as a cashier and stock clerk. Admin. Record (AR) 30–31. In July 2020, Plaintiff applied for benefits, alleging disability as of April 26, 2018. AR 175, 197, 220, 230. Plaintiff's applications were denied initially and on reconsideration. AR 194, 216, 227, 236. After the ALJ conducted a hearing in November 2021, the ALJ issued a decision finding Plaintiff not disabled. AR 13–37, 147–71.

## DISCUSSION

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### 1. Medical Opinion Evidence

ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, with the two most important factors being "supportability" and "consistency." ! *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. *See id.*; 20 C.F.R. §§ 404.1520c(c)(1), (c)(2); 416.920c(c)(1), (c)(2). Under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

#### a. Dr. Knapp

Plaintiff contends the ALJ erred in weighing the medical opinions of Dr. Knapp. Dkt. 17 at 4–7.

The record includes two opinions from Dr. Knapp, from July 2018 and July 2019. AR 486–87, 493–95. The ALJ rejected Dr. Knapp's July 2019 opinion, but found his earlier opinion

persuasive. AR 29–30. In his July 2019 opinion, Dr. Knapp opined Plaintiff has marked limitations in learning new tasks and setting realistic goals and planning independently; and severe limitations in performing activities within a schedule, maintaining regular attendance, being punctual, communicating and performing effectively in a work setting, and completing a normal work day and work week without interruptions from psychologically based symptoms. 493. Plaintiff contends the ALJ improperly rejected this opinion. Dkt. 17 at 5.

In rejecting the July 2019 opinion, the ALJ explained Dr. Knapp's proposed limitations were unsupported, as well as internally inconsistent with his own mental status examination findings. AR 29. The ALJ also found the opinion heavily reliant on Plaintiff's subjective reports. *Id.* How a medical source supports his or her opinion with relevant objective medical evidence and explanations is a factor the ALJ must consider. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The Court does not agree that Dr. Knapp's proposed limitations are unsupported or that they relied too much on Plaintiff's reports, given that he conducted a clinical interview and administered a mental status examination. *See* AR 491–96. The ALJ's finding that Dr. Knapp's opinion was internally inconsistent with his own findings is also not supported by substantial evidence. Dr. Knapp noted Plaintiff was anxious and depressed, and found her memory, fund of knowledge, concentration, and abstract thought outside normal limits. AR 495. These observations could reasonably support Dr. Knapp's opinion that Plaintiff has marked and severe limitations in certain basic work activities, such as learning new tasks, communicating and performing effectively, and completing a normal work day or work week without interruptions due to psychologically based symptoms. *See* AR 493. Therefore, in rejecting Dr. Knapp's opinion for its lack of supportability, the ALJ erred.

The ALJ also rejected Dr. Knapp's 2019 opinion for its inconsistency with Plaintiff's

reported activities of daily living and social functioning, as well as with her longitudinal record. AR 29–30. How consistent a medical opinion is with evidence from other medical and nonmedical sources is a factor the ALJ must also consider. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). The ALJ's citation to the Plaintiff's activities is not convincing because the records show Plaintiff reported difficulties with remembering her daily activities, and such reports are not inconsistent with Dr. Knapp's opinion about Plaintiff's mental limitations with performing basic work activities.

However, the ALJ's finding of inconsistency between Dr. Knapp's opinion and Plaintiff's longitudinal record is supported by substantial evidence. AR 30. Plaintiff argues the ALJ selectively cited throughout Plaintiff's records, but the evidence the ALJ relied on shows Plaintiff was repeatedly alert and oriented and had normal affect. AR 684, 688, 694, 697, 707, 713, 731, 734, 741, 754, 757–58, 767–68, 773, 788, 792, 796, 799, 803, 807, 811, 837, 865, 870, 875–76, 880. Plaintiff's counseling notes also show she reported anxiety and depression, but she was continuously found to have logical and linear thought process, grossly intact memory, and fair judgment and insight. AR 593, 605, 610, 615, 620, 630–31, 642, 651–52. Plaintiff's counseling notes also show Plaintiff found her sessions the "missing piece of her treatment plan" and she wished to continue with her current medication regiment. AR 593. Overall, the objective evidence the ALJ cited shows Plaintiff's mental status findings were normal, even with her reports of anxiety and depression. The ALJ, therefore, could reasonably find Dr. Knapp's opinion about Plaintiff's marked and severe limitations inconsistent with her longitudinal record. Further, because the ALJ provided at least one valid reason to reject his opinion and that reason is supported by substantial evidence, any erroneous reasons proffered by the ALJ are deemed harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)

(including an erroneous reason is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

Plaintiff also argues the ALJ "arbitrarily" assigned more weight to Dr. Knapp's 2018 opinion. *See* Dkt. 17 at 5. In finding Dr. Knapp's July 2018 opinion persuasive, the ALJ explained it was "more consistent" with Plaintiff's treatment, presentations, and mental status examinations. AR 30. Unlike in his 2019 opinion, Dr. Knapp's opined in 2018 that Plaintiff only had mild to moderate limitations in basic work activities. AR 486–87. As discussed, the bulk of the objective evidence show Plaintiff was alert and oriented, and Plaintiff's counseling notes show she had logical and linear thought process, grossly intact memory, and fair judgment and insight. AR 593, 605, 610, 615, 620, 630–31, 642, 651–52, 684, 688, 694, 697, 707, 713, 731, 734, 741, 754, 757–58, 767–68, 773, 788, 792, 796, 799, 803, 807, 811, 837, 865, 870, 875–76, 880. Based on these treatment notes, the ALJ could reasonably find Dr. Knapp's less restrictive opinion consistent with Plaintiff's records. Therefore, in finding his July 2018 opinion persuasive the ALJ did not err.

**b. Dr. Giacomazzi**

Dr. Giacomazzi provided a medical source statement in February 2020 regarding Plaintiff's physical impairments. AR 724–27. She opined Plaintiff can only walk for one block, sit for five to 10 minutes at one time, stand for 10 minutes at one time, and sit and stand/walk for less than two hours during an eight-hour workday. AR 725. She opined Plaintiff needs to take unscheduled breaks every 20 to 30 minutes during a workday, and with prolonged sitting, needs to elevate her leg above her heart 30 percent of the time during a workday. AR 726. She opined Plaintiff can never lift more than 10 pounds and occasionally lift less than 10 pounds. *Id.* She opined Plaintiff can never twist, stop, crouch, or climb ladders, and occasionally climb ladders.

*Id*. She further opined Plaintiff is likely to be off-task 25 percent or more during a typical workday. AR 727.

The ALJ rejected Dr. Giacomazzi's opinion for its inconsistency with Plaintiff's "record as a whole." AR 28–29. The ALJ's assessment of the record is reasonable. The records show Plaintiff reported knee pain. *See* AR 566, 582, 665, 674–75, 677, 704, 707, 714, 806, 844. However, the other records the ALJ highlighted show Plaintiff reported walking regularly. AR 865, 869–70. Imaging of Plaintiff's knee were also negative and showed "no significant findings," and her physical examinations showed she had full lower extremity strength, stable knee ligaments, full range of motion with her hips, and no effusion or swelling with her right ankle. AR 508, 516, 536–39, 551–53, 566, 665, 674, 677, 709, 714, 803–04, 820. Plaintiff was noted to have "considerable decreases" in her knee's range of motion. AR 589–90. However, subsequent notes from her physical therapy sessions included reports of improvements in her knee's range of motion and gait. AR 578, 580, 584, 586. Other treatment notes show she had normal gait and the swelling in both of her legs controlled with medication. AR 630, 869, 880. Similarly, imaging of Plaintiff's lumbar spine were "essentially normal." AR 777, 883–84. Given the negative or unremarkable imaging of Plaintiff's knee and lumbar spine, Plaintiff's normal physical examination findings, and reports of improvement from physical therapy, the ALJ could reasonably find Dr. Giacomazzi's proposed limitations inconsistent with Plaintiff's records.

The ALJ also pointed out Dr. Giacomazzi had only treated Plaintiff three times. AR 28. How frequently a medical source examines a claimant is a factor the ALJ can consider. 20 C.F.R. §§ 404.1520c(c)(3)(ii), 416.920c(c)(3)(ii). Though this factor is not the most important the ALJ must consider, Dr. Giacomazzi's limited relationship with Plaintiff further supports the

ALJ's decision to reject Dr. Giacomazzi's opinion.

**2. Plaintiff's Symptom Testimony**

Plaintiff testified that due to atrophy in her right thigh and problems with her right foot and ankle, she can only stand, walk or be on her feet for 10 minutes. AR 155, 157. She testified she can only lift less than five pounds and cannot stoop or bend over. AR 159. She stated she cannot sit for very long. *Id*. As for her mental health, she testified to having post-traumatic stress disorder (PTSD), anxiety, and depression. AR 160. She stated she has an "anxiety episode" every day, two to four times a day. *Id*. She also stated she has problems with her memory. AR 161–62.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

The ALJ rejected Plaintiff's testimony finding it inconsistent with objective findings. AR 24. "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt*, 53 F.4th at 498. Here, the ALJ pointed to the same treatment notes cited to reject Dr. Giacomazzi's opinion about Plaintiff's physical limitations and Dr. Knapp's opinion about Plaintiff's mental limitations. *See* AR 24–26. As discussed, despite Plaintiff's reports of pain, imaging of her knee were negative or showed "no significant" or normal findings, imaging of Plaintiff's lumbar spine

were "essentially normal," and her physical examinations showed her hip had full range of motion and her right ankle had no effusion or swelling. AR 665–66, 674, 677, 779, 883–84. Plaintiff's physical therapy sessions also indicated improvements in her knee's range of motion and gait, while other treatment notes showed the swelling in both of her legs were controlled with medication. AR 578, 580, 584, 586, 869, 880. As also discussed, Plaintiff's mental status examinations show she was consistently alert, oriented, had normal affect, with logical and linear thought process, grossly intact memory, and fair judgment and insight. AR 593, 605, 610, 615, 620, 630–31, 642, 651–52, 684, 688, 694, 697, 707, 713, 731, 734, 741, 754, 757–58, 767–68, 773, 788, 792, 796, 799, 803, 807, 811, 837, 865, 870, 875–76, 880. Plaintiff argues the ALJ did not fully account for all of her mental health symptoms and points to treatment notes where she reported specific PTSD symptoms. Dkt. 17 at 9. But the ALJ cited those same records and accurately noted that they continuously revealed normal mental status findings.

Overall, the bulk of Plaintiff's records consist of normal physical and mental status examinations, undermining her testimony about the severity of her physical limitations and the intensity and frequency of her mental health symptoms. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). The ALJ's interpretation of the record is rational here, therefore the Court upholds the ALJ's rejection of Plaintiff's testimony.

The ALJ also rejected Plaintiff's testimony based on other inconsistencies throughout the record. AR 26–27. However, because the ALJ permissibly rejected her testimony based on other grounds, the Court need not assess those other reasons. Even if those reasons were insufficient, the ALJ's error would be harmless. *See Carmickle*, 533 F.3d at 1162 (including an erroneous reason is at most harmless error where an ALJ provides other reasons that are

supported by substantial evidence).

**3. Other Issues**

Plaintiff suggests the ALJ failed to consider her pain levels given her fibromyalgia diagnosis. Dkt. 17 at 11. However, as the ALJ correctly explained, a diagnosis alone is not enough to find a claimant's fibromyalgia a medically determinable impairment. *See* AR 20. Social Security Ruling (SSR) 12-2p provides that a claimant must meet certain criteria, including evidence of specific symptoms and tender-point testing. SSR 12-2p. Plaintiff has not put forward any such evidence here.

Further, the Ninth Circuit uses a "two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "'could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)). Plaintiff did not present the necessary evidence here, therefore she does not meet the first step of the analysis. Accordingly, the ALJ was not required to evaluate the alleged symptoms associated with the condition. 20 C.F.R. §§ 404.1529(b) ("Your symptoms . . . will not be found to affect your ability to do basic work activities unless medical signs or laboratory findings show that a medically determinable impairment(s) is present."), 416.929(b) (same); *see also* SSR 96-8p ("[I]n assessing [a claimant's residual functional capacity], the adjudicator must consider only limitations and restrictions attributable to medically determinable impairments.").

Plaintiff also suggests the ALJ failed to "consider the combination of [Plaintiff's] impairments and limitations associated with her diagnosed conditions." Dkt. 17 at 9. Plaintiff correctly points out that a "claimant's symptoms 'must be considered in combination and must

not be fragmentized in evaluating their effects.'" *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001). A finding that the combination of a claimant's impairments has an equivalence to a listed impairment "must be based on medical evidence only." *Id*. Here, Plaintiff does not specify or provide evidence for which listing she believes she meets or equals based on the combination of her impairments. "An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). As Plaintiff has not established an equivalence here, Plaintiff has failed to show the ALJ committed harmful error. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407–09 (2009)) (holding that the party challenging an administrative decision bears the burden of proving harmful error).

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 2nd day of November, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE